IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| CATALINA T. VELO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-13-CV-258-MAT |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, respectively. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is AFFIRMED.

I. PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on March 31, 2010 in which she alleged disability beginning March 1, 2009, due to arthritis, diabetes, high blood pressure, and "thyroid problems."

(R. 123-132, 163).[1] At the time of filing, Plaintiff was 58 years old with previous work experience as a janitor and a garment inspector. (R.123, 171). After her applications were denied initially, and upon reconsideration, Plaintiff requested a hearing. (R. 58-63, 65-68, 69-70). On September 29, 2011, she appeared with her attorney for a hearing before an administrative law judge ("ALJ"). (R. 30-45). On May 22, 2012, the ALJ issued a written decision denying benefits on the ground that Plaintiff is able to perform her past relevant work as a garment inspector. (R. 18-25). On June 19, 2013, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-6).

## II. ISSUE PRESENTED

Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence.

## III. DISCUSSION

### A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a

---

[1] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

"conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment or combination of impairments prevents the claimant from performing past relevant work; and, (5) whether the impairment or combination of impairments prevents the claimant from doing any other work. 20

C.F.R. §§ 404.1520, 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.*

C. The ALJ's Decision

In his written decision, the ALJ determined as a threshold matter that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2014. (R. 20). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 1, 2009. *Id.* At step two, the ALJ determined Plaintiff has severe impairments consisting of diabetes mellitus, hypertension, and rheumatoid arthritis. *Id.*

At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20-21). Before reaching step four, the ALJ assessed Plaintiff's RFC and found she

is able to perform the full range of light work.[2] (R. 21-24). In making the RFC determination, the ALJ found Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not entirely credible. (R. 24). At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a garment inspector, and, accordingly, is not disabled. (R. 25).

D. Analysis of Plaintiff's Claim

Plaintiff contends the RFC determination is not supported by substantial evidence because the ALJ failed to give proper weight to the subjective evidence of Plaintiff's fatigue, weakness, and pain. In support, Plaintiff points to her subjective reports of pain and functional limitations, (Pl's Brief at 6, citing R. 195, 204, 207), as well as her subjective complaints of experiencing dizziness, fatigue, and weakness, (Pl's Brief at 6, citing R. 224, 312, 266, 278, 312). Additionally, Plaintiff cites to objective evidence as follows: diagnosis of lumbago in July 2009, (R. 317); diagnosis of pain in March 2010, (R. 272); diagnosis of rheumatoid arthritis in February 2011, (R. 314); an assessment of arthritis in April 2011, (R. 356); and, medical records from 2009 through 2011 which "reflect Plaintiff's continued diagnoses of diabetes and hypertension." (R. 224-317).

RFC is defined as the most an individual can still do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p, 1996 WL 374184 (July 2, 1996). The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The ALJ must consider the limiting effects

---

[2] Light work is defined in the regulations as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b).

of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1545, 416.945, 404.1529, 416.929; SR 96-8p. The relative weight to be given to the evidence is within the ALJ's discretion. *See Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (citing *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988)). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff bears the burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(c), 416.912(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. §§ 404.1513(a), 416.913(a). Plaintiff's own subjective complaints, without supporting objective medical evidence, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 416.908, 404.1528, 416.928, 404.1529, 416.929.

In his written opinion, the ALJ discussed Plaintiff's medical history, her testimony at the administrative hearing, and her recent medical treatment. (R. 22-24). He observed there were no opinions from treating or examining physicians indicating Plaintiff is disabled or has any functional limitations that would preclude her from performing light work. (R. 24). *See Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (citation omitted) (lack of physician-assessed limitations substantially supports ALJ's decision). With regard to evaluating Plaintiff's reported symptoms, the ALJ carefully considered the record, including the hearing testimony, and found Plaintiff has underlying impairments that could cause some of her symptoms. (R. 22-24). The ALJ concluded, however, that Plaintiff's allegations about the intensity, duration, and limiting effects of her symptoms were not entirely credible. (R. 24).

In making the credibility determination, the ALJ properly considered the scant objective medical evidence, along with Plaintiff's subjective complaints and her reports of daily activities. He noted the lack of objective medical evidence, including the lack of medical treatment, as well as Plaintiff's reports of her daily activities[3] and his observations of her at the hearing. Assessment of credibility is the province of the ALJ, and his credibility determination is entitled to great deference. *Greenspan*, 38 F.3d at 237; *Newton*, 209 F.3d at 459. The ALJ noted the State agency physicians concluded Plaintiff had no severe impairments. (R. 24). The ALJ also noted the RFC assessments by the State agency supported a finding of "not disabled."[4] *Id.* The ALJ, however, determined in Plaintiff's favor that she had severe impairments that limited her to the performance of light work. *Id.*

The objective medical evidence does not support the extent of Plaintiff's allegations of pain. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (subjective complaints unsubstantiated by medical findings need not be credited over conflicting medical evidence). The ALJ noted Plaintiff was diagnosed in 2003 with mild degenerative joint disease in the lumbar spine, hands, and knees. (R. 24). He further noted that Plaintiff's diagnosis of rheumatoid arthritis seemed "to appear out of nowhere and then to disappear." *Id.* He observed that other than an elevated sedimentation rate in blood work and reference to a positive ANA test, both in 2003, there was no other blood work evidence or clinical evaluations to support a diagnosis of rheumatoid arthritis. *Id.* Importantly, the

---

[3] On April 20, 2010, Plaintiff reported she prepares full meals daily (taking about an hour each time), shops for groceries once a week (taking about two hours), and attends church weekly. (R. 192-194).

[4] On May 19, 2010, Bob Dodd, M.D., found Plaintiff's impairments to be non-severe. (R. 251). Dr. Dodd's findings were affirmed by Bonnie Blacklock, M.D. on June 18, 2010. (R. 252).

ALJ stated there were no x-rays on file and no evidence Plaintiff was ever treated for this condition. *Id.* Plaintiff's subjective complaints, without supporting objective medical evidence, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 416.908, 404.1528, 416.928, 404.1529, 416.929.

In sum, Plaintiff argues her diagnoses and her subjective complaints of pain and limitations show the ALJ should have further reduced her RFC. A mere diagnosis alone, however, does not establish a disabling impairment. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, the diagnosed impairment must result in functional limitations. *See Vereen v. Barnhart*, 2005 WL 3388139, at *5 (W.D. Tex. Nov. 16, 2005); *see also Andrew v. Astrue*, 2012 WL 5363321, at *1 (M.D. La. Sept. 24, 2012). Plaintiff has not shown any additional limitations supported in the record by medical findings or opinions that should have been included in the ALJ's RFC assessment. Consequently, Plaintiff has not shown the ALJ erred in assessing her RFC.

The task of weighing the evidence is the province of the ALJ. *Chambliss*, 269 F.3d at 523. The task of the Court is to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision. *Id.*, citing *Greenspan*, 38 F.3d at 240. As substantial evidence supports the ALJ's decision, it must be affirmed.

## CONCLUSION

It is therefore ORDERED that the decision of the Commissioner be, and it is hereby, AFFIRMED.

SIGNED and ENTERED this 31st day of August, 2016.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE